IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS A. JIMENEZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **BRIAN V. COLEMAN, et al.** | : | **NO. 11-7007** |

**McHUGH, J.**                                                                                   **NOVEMBER 13, 2023**

## MEMORANDUM

Mr. Jimenez is a habeas petitioner returning for a second time. He filed an initial habeas petition in this Court on November 7, 2011 (ECF 1). On June 14, 2012, Magistrate Judge Elizabeth T. Hey submitted a report and recommendation to deny habeas relief because Mr. Jimenez failed to exhaust a due process claim and his remaining ineffective assistance claims lacked merit (ECF 15).[1] Judge Edmund V. Ludwig then approved and adopted that recommendation on July 6, 2012 (ECF 17). More than a decade later, on October 18, 2023 (ECF 21), Mr. Jimenez filed the present motion seeking relief under Rule 60(b)(6).

Mr. Jimenez presents two arguments in support of his 60(b)(6) motion. First, he alleges a defect in the integrity of his federal habeas proceeding when this Court held that he failed to exhaust his due process claim. Second, he alleges language and legal assistance barriers caused his failure to exhaust his underlying habeas claim, constituting "extraordinary circumstances" that should excuse that failure.

---

[1] In his initial habeas petition, Mr. Jimenez argued his due process rights were violated when the trial court decided not to provide a jury instruction on voluntary manslaughter. *See* ECF 15, at 7 (Report and Recommendation approved and adopted by ECF 17). He also argued two claims of ineffectiveness of trial counsel, "for failing to request an 'unreasonable belief' voluntary manslaughter instruction, and for failing to object to certain portions of the prosecutor's closing argument." *See id.* at 12.

I conclude that Mr. Jimenez is not entitled to 60(b)(6) relief for three reasons. First, he did not file his motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Second, even if the filing had been timely, his attempts to excuse the habeas default would be barred as a second or successive petition, notwithstanding his attempt to assert "extraordinary circumstances." Finally, his contention that there was a defect in the habeas proceedings before this court would fail because he is unable to show an intervening change in law.

I.  **Discussion**

   a. *Timeliness of the 60(b)(6) Motion[2]*

Mr. Jimenez' Motion is not timely as it was filed more than a decade after this Court's denial of habeas relief.

Rule 60 specifies only that a 60(b)(6) motion must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). But by any measure, a delay of more than a decade does not qualify as "reasonable." Courts have generally deemed motions filed more than a year after the denial of relief as untimely, absent "'extraordinary circumstances' [that] excuse the party's failure to proceed sooner."[3] *Williams v. Larkins*, No. 98-6782, 2023 WL 4552892, at *5 (E.D. Pa. July 14, 2023) (denying relief on a 60(b)(6) motion filed "approximately 18 years" after the earlier denial became final, and three years had passed since the discovery of "new evidence" on which the petitioner based his motion); *see also Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (denying 60(b)(6) relief in a non-habeas case with a filing two years after the "reason

---

[2] Although Mr. Jimenez does not explicitly address the timeliness of his Motion, I will liberally construe his "extraordinary circumstances" section as also seeking to address this matter. *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (citation omitted).

[3] *See generally Ackermann v. United States*, 340 U.S. 193, 202 (1950) (addressing "extraordinary" circumstances); *Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (same).

for the attack upon that judgment was available"); *Walker v. Dauphin Cnty. Prison*, No. 6-01224, 2021 WL 6337514, at *1 (M.D. Pa. Feb. 24, 2021) (denying 60(b)(6) relief in a habeas case when the motion raised arguments that had been available for approximately three years). Thus, Mr. Jimenez' ten-year delay renders his 60(b)(6) motion untimely, "unless extraordinary and compelling circumstances exist to justify the delay." *Williams*, 2023 WL 4552892, at *5.

Mr. Jimenez' delay may be partially justified because he alleges several language-related barriers he has faced over the years. For one, Mr. Jimenez describes himself as a "Spanish speaking defendant" whose "understanding of the English language is very limited." ECF 21, at 2. According to Mr. Jimenez, his language abilities have been the same "since the beginning of trial." *Id.* In addition, Mr. Jimenez documents that on several occasions from 2008 to 2011 he requested legal assistance in Spanish from his institution, including for legal aides, law materials, and translators. ECF 21, Ex. A-D.[4] In each instance, Mr. Jimenez received responses that no Spanish-speaking aides or translators were available, but that non-Spanish legal aides could assist him. *Id.* Petitioner's motion is ambiguous as to when he first received access to language assistance. On the one hand, he states in his motion that "[w]hile Re-Classified to SCI-Chester in February 11, 2019, [I] just recently was able to receive help from a Spanish speaking translator trained in provi[di]ng legal assistance at the Institution's Law Library." ECF 21, at 3. Separately, he states that he received the following response in July 2023: "We have trained Legal Aide that can speak Spanish. Please see him when you come to the Law Library." ECF 21, Ex. E. But either way, his last request for assistance was 2011, and it appears that by February 2019 he was

---

[4] Mr. Jimenez placed two such requests in 2008 (before his initial habeas filing) and two again in 2011 (before responding to the Commonwealth's answer). ECF 21, Ex. A-D.

in a facility where such assistance was available. His failure to pursue any recourse for such a sustained period of time, from 2019 to 2023, cannot be considered reasonable.

Taking Mr. Jimenez' representations at face value, I acknowledge that he would have faced serious language barriers throughout his post-conviction and initial habeas proceedings in the absence of an interpreter, access to legal materials, or legal assistance in Spanish.[5] But these barriers did not altogether prevent him from obtaining legal assistance to support his briefings on collateral and habeas proceedings. And Mr. Jimenez provides no further explanation for the failure to seek assistance in pursuing his rights starting from 2011 and on.

I therefore conclude that Mr. Jimenez did not file his Rule 60(b)(6) motion "within a reasonable time."

    b. *Second or Successive Petition*

Mr. Jimenez advances two claims, and it is important to distinguish between them for purposes of this analysis. Having reviewed the nature of the claims, his claims related to ineffective assistance of counsel and failure to exhaust are barred as a second or successive petition, but his claim asserting a defect in the habeas proceedings before this Court is not barred on that basis.

As a threshold matter, I need to determine whether this is a "true 60(b) motion" or an attempt to circumvent AEDPA's bar on second or successive habeas petitions. *Gonzalez v.*

---

[5] Mr. Jimenez did receive assistance from fellow inmates since 2008 who helped him translate and write inmate requests for Spanish legal assistance, including law materials and translators. *See* ECF 21, Ex. A-D. But receiving assistance from fellow inmates "does not bar the possibility that [a petitioner] had faced extraordinary circumstances up to that point." *Pabon v. Mahanoy*, 654 F.3d 385, 401 n.24 (3d Cir. 2011). "To conclude otherwise would yield the perverse result of leaving prisoners at the mercy of fellow inmates." *Id.* Still, Mr. Jimenez, presumably through the non-Spanish speaking legal aides, did receive assistance in submitting an initial habeas petition and a response to the Commonwealth.

*Crosby*, 545 U.S. 524, 531 (2005) (citing 28 U.S.C. § 2244(b)(2)).[6] A Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it "advances one or more 'claims'" that could have formed a basis for relief in the earlier habeas proceedings. *Gonzalez*, 545 U.S. at 530-32 (quoting § 2244(b)(1)-(2)). Whether a Rule 60(b) motion "advances one or more 'claims'" is generally a "relatively simple" determination. *Id.* at 532. On the one hand, a motion advances a claim when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Id.* On the other hand, a motion does not advance a claim if it does not attack "the substance of the federal court's resolution of a claim on the merits" but instead challenges "some defect in the integrity of the federal habeas proceedings." *Id.* For example, a motion that "challenges only the [d]istrict [c]ourt's failure to reach the merits" does not fall under a second or successive petition category. *Id.* at 537; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

The merits of two of Mr. Jimenez' claims of ineffective assistance were directly addressed when his first petition was resolved. ECF 15, at 12-17 (Hey, M.J.). Any challenge to this Court's holding as to those claims would be considered a second or successive petition. But Mr. Jimenez advances an argument that seeks to merge his defect claim with his habeas claim, by alleging that because his failure to exhaust was related to language barriers, this court could not have fully addressed the merits of those claims, and that the Court's inability to do so constitutes a defect in

---

[6] This acknowledges the gatekeeping mechanism in 28 U.S.C. § 2244(b)(3)(A). Under that provision, a prisoner who previously challenged a judgment of a sentence in a federal habeas action, before filing a second or successive petition, must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010).

5

the habeas proceedings, excusing his failure to exhaust. If this argument were to succeed, his habeas claims would not be deemed successive.

Mr. Jimenez relies in part on *Pabon v. Mahanoy*, 654 F.3d 385 (3d Cir. 2011), to argue that his language and legal assistance barriers present an "extraordinary circumstance" to excuse a failure to exhaust. ECF 21, at 2-3 ("Petitioner is accordingly in the same circumstance as Pabon; however, the present matter involves exhaustion of State remedies."). In *Pabon*, a pro se petitioner filed an untimely habeas, and argued for equitable tolling based on language and legal assistance barriers he faced in prison. 654 F.3d at 401. The Third Circuit held that "language inability, when coupled with denial of legal or translation assistance, can be an extraordinary circumstance for equitable tolling purposes in the *habeas* context." *Id.* at 404. Lower courts, including this Court, have continued to apply the principles set forth in *Pabon*. *See, e.g.*, *Ruiz v. McGinley*, No. 18-880, 2023 WL 2139822, at *4-7 (E.D. Pa. Feb. 21, 2023). But any analysis of "extraordinary circumstances" stemming from language and legal assistance barriers has occurred in cases where courts were considering whether to apply equitable tolling.

These concepts cannot be applied in a vacuum.[7] 60(b)(6) similarly "requires a showing of 'extraordinary circumstances.'" *Gonzalez*, 545 U.S. at 536. But the "extraordinary circumstances" in the 60(b)(6) context must have resulted from some "defect in the integrity of the federal habeas proceedings." *See id.* at 532, 535-36 (holding that a change in the interpretation of AEDPA's statute of limitations, the alleged "defect" and basis for the petitioner's 60(b)(6) relief, did not

---

[7] For instance, the equitable tolling standard applied in *Pabon* requires a showing of both "extraordinary circumstances that stood in the way of timely filing" *and* the exercise of "reasonable diligence." 654 F.3d at 399. And the existence of some deficits in representation would not automatically justify relief. *Lopez v. Phelps,* No. 10-254, 2011 WL 5909755, at *3 (D. Del. Nov. 28, 2011) ("[E]quitable tolling may be triggered under *Pabon* only when there has been a denial of access to legal assistance, not when the legal assistance provided is theoretically sub-par."). Here, Mr. Jimenez had the assistance of counsel throughout the state court proceedings, and his filing reflects that he had non-Spanish legal aides that were available. ECF 21, Ex. A-D. In short, even if I were to apply the legal doctrine petitioner asserts, he would not prevail.

present "extraordinary circumstances"). "Fraud on the federal habeas court is one example of such a defect." *Id.* at 532 n.5 (citation omitted). But "an attack based on the [petitioner's] own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.*

Here, the obstacles Mr. Jimenez cites as "extraordinary circumstances" all pertain to the underlying state proceedings. The docket in this case reflects no motion for the appointment of counsel or request for language assistance from this Court. Furthermore, Magistrate Judge Hey went beyond exhaustion to consider and reject the merits of Mr. Jimenez' due process claim. ECF 15 at 11 n.5.

Consequently, Mr. Jimenez is not entitled to reconsideration of the denial of habeas relief as to ineffective assistance or failure to exhaust his claims.

    c. *Defect in Prior Federal Habeas Proceeding*

Aside from the language barrier discussed above, Petitioner asserts that a change in the law entitles him to relief. Even assuming Mr. Jimenez had filed the present motion "within a reasonable time," this argument would not entitle him to relief.

As a threshold matter, the Third Circuit has observed that "intervening changes in the law *rarely* justify relief from final judgments under 60(b)(6)." *Cox v. Horn*, 757 F.3d 113, 121 (3d Cir. 2014). In *Cox*, the Circuit held that even the issuance of important Supreme Court cases does not necessarily warrant relief. For example, in *Martinez*, the Supreme Court "announced an exception to longstanding precedent" and "altered the law of every circuit." *Id.* at 115, 124. But the Circuit still held that "*Martinez*, without more, is an insufficient basis for reopening a long-since-dismissed habeas petition," because *Martinez* "did not announce a new constitutional rule or

7

right" and was more like an "*equitable* change in procedural law," which is less likely to demand 60(b)(6) relief. *Id.* at 120, 124.

Here, Mr. Jimenez alleges a defect in his federal habeas proceedings by relying solely on the Report and Recommendation of a magistrate judge. *Bazzley v. Houser*, No. 21-2256, 2022 WL 3006220 (E.D. Pa. June 15, 2022), report and recommendation adopted in part, rejected in part, No. 21-2256, 2022 WL 2986269 (E.D. Pa. July 28, 2022). Such an isolated decision at the district court level cannot not suffice as an intervening "change in the law," however insightful that judge's analysis may have been.

Furthermore, *Bazzley* does not support the proposition that a habeas petitioner can exhaust a claim under federal law without fairly presenting it to the state court. And in fact, Magistrate Judge Hey carefully considered whether Mr. Jimenez preserved a federal due process claim, concluding that he framed his argument purely in terms of state law:

> Petitioner raised and argued the claim as a matter of state law error, never mentioned the due process clause, the United States Constitution, or "fair trial" in his brief to the Superior Court and relied exclusively on state cases discussing the elements necessary for a defendant to be entitled to a voluntary manslaughter instruction. Moreover, the Superior Court addressed the issue solely as a matter of state law.

ECF 15, at 10. Mr. Jimenez does not establish an intervening change in law, and thus I find no defect in his previous habeas proceeding.

**Conclusion**

For the reasons set forth above, Petitioner's Motion for relief under 60(b)(6) will be denied.

       /s/Gerald Austin McHugh
       United States District Judge